**Ex parte Donald K. HEARD.**

No. A–9781.

Supreme Court of Texas.

Dec. 11, 1963.

Frank Campbell Fourmy, La Porte, Joe J. Newman, Houston, for appellant.

Sam Hoover, Pasadena, for appellee.

CALVERT, Chief Justice.

This is a habeas corpus proceeding whereby relator seeks to be discharged from confinement in the Harris County jail by virtue of a certain contempt order of a Judge of a Court of Domestic Relations of Harris County, Texas.

On January 9, 1963, in a divorce suit then pending in the Court of Domestic Relations No. 2, Harris County, Texas, as a result of an agreed judgment, relator was ordered to make certain payments during the pendency of the divorce action. These payments were $300.00 per month for child support; $250.00 per month temporary alimony; payments on the family home, occupied by the wife, of $107.55 per month; $71.00 per month on the family automobile used by the wife; and $12.00 per month on a television set in the home. The total of these monthly payments is $740.55.

On July 31, 1963, relator being in arrears on these payments, a hearing was held upon complaint of the wife, on a "show cause" order why relator should not be held in contempt. After hearing the evidence, the trial judge recessed the hearing until August 9, 1963.

On August 9, 1963, the trial court resumed the hearing, and after hearing the evidence, adjudged relator in contempt of court for failure to make the child support and temporary alimony payments as set out in the January 9th order. The trial court's judgment directed that relator be committed to the Harris County jail. The commitment was stayed until August 12, 1963, at which time relator was taken into custody. On August 13, 1963, this Court issued its writ of habeas corpus and fixed the amount of bond required of relator at $3500.00. That same date, relator furnished the required bond and was released from custody.

We granted writ of habeas corpus upon relator's representation that the judgment of the trial court found relator guilty of contempt "and ordered that he be punished by confinement in the County Jail of Harris County, Texas, for a period of three (3) days *and* for such further period of time until he should purge himself by paying into registry of the Court the sum of $1322.65." An examination of the court's judgment discloses that its terms are not as represented by relator. The court's judgment, as entered, finds relator guilty of contempt, fixes his punishment for such contempt at three days confinement in the County Jail, and provides that relator may "purge himself of such contempt by paying the sum of $1322.65 as temporary alimony and child support to the Probation Department of Harris County, Texas."

█ Inasmuch as relator is not required by the judgment to pay the sum of $1322.65 as a condition to his release from imprisonment after he has served three days in jail, the only questions before this court are whether the judgment of January 9th is a valid judgment, and whether the evidence adduced on the contempt hearing shows conclusively that relator's failure to comply with the judgment was because of involuntary inability to comply. If the judgment was a valid judgment when entered, punishment for its violation by confinement in the County Jail for three days was authorized by Article 1911, Vernon's Texas Civil Statutes, unless relator's subsequent failure to comply therewith was due to his involuntary inability to do so.

█ Relator urges that although the judgment of January 9th directing him to make monthly payments was an agreed judgment, it was invalid at the time it was entered because it was impossible for him to comply therewith "if such compliance was to be effected out of current earnings." He does not assert that the judgment was invalid for any other reason. His real contention, however, is not that the judgment was invalid when entered—indeed, his

counsel stated at the hearing that relator had complied with the judgment for two months—, but that he was involuntarily unable to continue to comply with its terms. His testimony given at the contempt hearing does not support him in this respect.

Relator's testimony discloses, as heretofore indicated, that the monthly payments required of him under the judgment of January 9th total $740.55. It also discloses that his monthly income from January 1, 1963 through June 30, 1963 averaged $1064.78. These figures alone are sufficient to show that relator was able to comply with the terms of the judgment of January 9th.

Relator's claim that he was unable to comply with the court's judgment is based upon his testimony that in addition to the monthly payments required by the court's judgment, he was paying $250.93 per month on bank and finance company loans and $92.33 per month as premiums on life insurance policies. In other words, it is relator's position that after paying $343.26 per month on such loans and premiums, it was impossible for him to pay the sum of $740.55 per month in discharge of his obligations under the court's judgment.

Relator's own testimony at the contempt hearing reflects that he made a deliberate choice between meeting his monthly obligations to banks and finance companies and for insurance premiums, on the one hand, and meeting his obligations under the trial court's judgment on the other. His testimony was that if he became delinquent on his installment loans to banks he was almost sure it would jeopardize his position with his employer. He continued: "I'm highly respected in La Porte by most people. I pay my bills as they become due. My credit rating at the bank is fairly good and I'm afraid it would jeopardize my position with the company * * *."

Relator's determination to meet his other obligations promptly is commendable. However, his wish to preserve his credit rating and to make certain that his position was not jeopardized cannot be made to

override his obligations under a valid judgment of a court. His remedy for a difficult and onerous financial situation was to seek from the trial court a reduction in the amounts he was required to pay; and, failing there, to seek final disposition of the divorce suit, thus terminating his obligations under the January 9th judgment. He was not at liberty to meet his other obligations, subordinating the obligations of the trial court's judgment, and then assert inability to comply. It follows that the evidence heard by the trial court does not establish that relator was involuntarily unable to comply with the terms of the judgment of January 9th.

It appearing that relator has served two days in the County Jail, he is remanded to the custody of the Sheriff of Harris County, Texas, to serve one day in the County Jail. When he has served one day, he shall be discharged.